IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-10101-01-MLB |
| | ) | |
| CLINTON A.D. KNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON
## MOTION FOR RECONSIDERATION OF DETENTION ORDER

On September 4, 2009, a detention hearing was conducted in this case pursuant to the provisions of the Bail Reform Act, 18 U.S.C. § 3141, et.seq. The Government appeared by and through Mark Curyzdlo, Special Assistant United States Attorney. The defendant appeared in person and through appointed counsel, Laura Shaneyfelt. The Government argued that it was entitled to a detention hearing because the charges in this case constitute a crime of violence pursuant to 18 U.S.C. § 3142(f)(1)(A), and that Defendant is a flight risk pursuant to 18 U.S.C. § 3142(f)(2)(A). Defendant argued that there were conditions that would allow his release.

After hearing arguments and proffers of counsel, and considering the affidavit attached to the Amended Complaint filed in this case (Doc. 2), the Court

found that the Government's motion for detention should be granted.  A written

Order of Detention was thereafter entered by the Court.  (Doc. 11).  In the Order of

Detention, the Court noted that Judge Marten had filed a Petition for Action on

Conditions of Pretrial Release in Case No. 07-10143-03-JTM charging that

Defendant had violated the conditions of pretrial release by the commission of the

crime set out in the Indictment in this case.  Judge Marten had not held a hearing

concerning the pretrial release violations in Case No. 07-10143-03-JTM by the

time of the September 4, 2009 detention hearing in this case; therefore, the Court

noted that even if Defendant were released on conditions in this case, he would still

be detained on the warrant in Case No. 07-10143-03-JTM until his hearing before

Judge Marten.  (Doc. 11 at 3-4).  The pending warrant in the pretrial release case

was not, however, the sole basis for detaining Defendant in this case.

Defendant has now filed a Motion for Reconsideration of the detention order

in this case.  (Doc. 14).  On September 14, 2009, Judge Marten held a hearing in

Case No. 07-10143-03-JTM on the Petition for Action on Conditions of Pretrial

Release.  While no written order has yet been entered and no transcript of the

hearing has been filed, Defendant states that

> Judge Marten ruled that Mr. Knight had violated the
> conditions of his bond, but reinstated the bond with the
> same terms and conditions as were previously in place.

2

(Doc. 14 at ¶ 4).[1]  The Motion for Reconsideration also recites Judge Marten's

intimate knowledge of Defendant's background from extended proceedings in

Case No. 07-10143-03-JTM.  (Doc. 14 at ¶ 5).[2]

## Discussion

In this newly filed case, the burden of proof is on the Government to prove

by a preponderance of the evidence that Defendant is a flight risk and by clear and

convincing evidence that Defendant is a danger to the community.  *See* 18 U.S.C. §

3142(f); U.S. v. Cisneros, 328 F.3d at 616.  In ordering detention in the present

case, the undersigned magistrate judge found that

> the Government has proved by a preponderance of the
> evidence that Defendant is a flight risk, and has met its
> burden of proving danger to the community by clear and

---

[1]  The Minute Entry of 9/14/2009 states that "Bond Violation Hearing as to Clinton A.D. Knight held on 9/14/2009.  Witness:  Clint Snyder."  The Minute Entry does not recite what decision was reached by Judge Marten at the hearing

[2]  In Case No. 07-10143-03-JTM, Defendant was initially detained by the undersigned magistrate judge by Order of Detention filed August 13, 2007 (Doc. 42).  Defendant sought review of the detention order which was denied by Judge Marten by Order filed September 5, 2007 (Doc. 59).  A motion for reconsideration was thereafter denied by Judge Marten by Order filed January 16, 2008 (Doc. 93).  A second motion for reconsideration was granted by Judge Marten by Order filed May 13, 2008 (Doc. 141), and Defendant was released pursuant to an Order Setting Conditions of Release filed May 14, 2009.  (Doc. 143).  That Order was subsequently modified by Consent to Modify Conditions of Release filed May 11, 2009.  (Doc. 456).  This modification took place after Defendant had been found guilty on Counts 1, 2, 4, 25 and 26 of the Fifth Superseding Indictment on November 5, 2008.  (Doc. 415).  Defendant has not yet been sentenced.

> convincing evidence.  See 18 U.S.C. § 3142(f); <u>U.S. v.
> Cisneros</u>, 328 F.3d at 616.  All reasonable alternatives to
> detention have been considered, and there are no
> conditions or combination of conditions that will
> reasonably assure the appearance of the Defendant and
> the safety of the community.

(Doc. 11 at 5).  Now, however, the Court is faced with a dilemma as a result of

Judge Marten's ruling in Case No. 07-10143-03-JTM which allows Defendant to

be released on bond.

A detention hearing may be reopened at any time before trial
Had the present case been assigned to Judge Marten, Defendant could have

contested the validity of the detention order in this case at the same time as he

defended the Petition for Action on Conditions of Pretrial Release.  The present

case, however, was assigned to another district judge, therefore Judge Marten's

decision technically applies only to the issue of detention or release on the pretrial

release charges in Case No. 07-10143-03-JTM.  Defendant's motion for

reconsideration, however, asks the undersigned magistrate judge to reconsider the

prior detention order and allow Defendant to be released on bond "under the same

terms and conditions as those that will be imposed by the United States Probation

Office in Mr. Knight's other pending case [07-10143-03-JTM]"

A detention hearing may be reopened at any time before trial

> if the judicial officer finds that information exists that
> was not known to the movant at the time of the hearing
> and that has a material bearing on the issue whether there

4

> are conditions of release that will reasonably assure the
> appearance of such person as required and the safety of
> any other person and the community.

18 U.S.C. § 3142(f).  *See* U.S. v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003); U.S. v. Miller, 2008 WL 2783146 * 2 (D. Kan.,2008) (a motion to reconsider is not appropriate if the movant wants to rehash old arguments or to present new arguments and facts that could have been presented initially.)  Here, the only information not known to the movant at the time of the detention hearing in this case was how Judge Marten would treat the Petition for Action on Conditions of Pretrial Release in Case No. 07-10143-03-JTM, whether he would find probable cause to believe that a pretrial release violation had occurred, and if so, whether he would reinstate the bond in that case or detain the Defendant.  As previously noted, the fact that Defendant would continue to be detained on Judge Marten's warrant in Case No. 07-10143-03-JTM was considered by the Court and mentioned in the detention order in this case, but it was by no means the only reason that Defendant was detained in this case.  Therefore, there is some question whether the new information, *i.e.,* Judge Marten's recent ruling allowing Defendant's release, has a material bearing on whether Defendant should be released in the present case or whether this fact alone warrants a reconsideration in this case.  However, Judge Marten's decision in Case No. 07-10143-03-JTM might be considered, as a

5

practical matter, to be a review of the detention order in this case.  If so, the

decision of the district judge would be binding on the magistrate judge.

It is important to note that in order to allow Defendant's release in the

pretrial release case, the burden of proof differs from what is required in the

present case involving a new Indictment.  In the pretrial release case, if a violation

occurs prior to the time a defendant is found guilty and while that defendant is

awaiting sentencing, a hearing on the alleged violation proceeds pursuant to the

provisions of 18 U.S.C. § 3148.  However, if the alleged violation occurs after a

defendant is found guilty and is awaiting sentencing, the release or detention issue

proceeds pursuant to the provisions of 18 U.S.C. § 3143(a).  Section 3143(a)(1)

provides that the judicial officer shall order that a person who has been found

guilty of an offense and who is awaiting imposition of a sentence shall be detained

"unless the judicial officer finds by clear and convincing evidence that the person

is not likely to flee or pose a danger to the safety of any other person or the

community if released . . . ."  Section 3143(a)(2) deals with persons who have

been convicted of a crime of violence as defined in 18 U.S.C. § 3142(f)(1)(A) or an

offense for which the maximum sentence is life imprisonment or death as defined

in 18 U.S.C. § 3142(f)(1)(B) or an offense for which a maximum term of

imprisonment of ten years or more is prescribed in the Controlled Substances Act

6

as defined in 18 U.S.C. § 3142(f)(1)(C).[3]  As to persons convicted of those

offenses, Section 3143(a)(2) provides that the person shall be detained unless there

is a substantial likelihood that a motion for acquittal or new trial will be granted, or

an attorney for the Government has recommended that no sentence of

imprisonment be imposed on the person; and "the judicial officer finds by clear

and convincing evidence that the person is not likely to flee or pose a danger to any

other person or the community."

Thus, Judge Marten, after hearing testimony from Detective Clint Snyder

(presumably a Government witness), necessarily must have found by clear and

convincing evidence that Defendant was neither a flight risk nor a danger to the

community, notwithstanding any argument or testimony presented by the

Government.[4]  This is an even stronger factual finding than would be required on a

review of the present order of detention under 18 U.S.C. § 3145(b) since the

---

[3]  It appears that Defendant has been convicted of a crime of violence by virtue of his conviction on Counts 1and 2 of the Fifth Superseding Indictment which charge a RICO violation and a RICO conspiracy.  In the initial Order of Detention in this case, the undersigned magistrate judge held that the RICO charge and the RICO conspiracy charge were both a crime of violence as defined by 18 U.S.C. § 3156(a)(4)(A) and (B).  (Doc. 42 at 4).  Likewise, Defendant's conviction Counts 4, 25 and 26 of the Fifth Superseding Indictment appear to be violations of the Controlled Substances Act which would trigger a maximum sentence of ten years or more.

[4]  No evidence was presented at the detention hearing in this case, and both parties proceeded by proffer.

burden of proof in this case rests with the Government, and since it would only require a preponderance of the evidence in order to sustain a detention order based on the risk of flight.

If the motion for reconsideration in this case is denied, Defendant would have a right to seek review of the detention order pursuant to 18 U.S.C. § 3145(b). This review would be by a different district judge.[5]  Presumably, both parties would then be entitled to present additional evidence or make additional proffers since review by the district judge is a *de novo* review.  U.S. v. Maull, 773 F.2d. 1479, 1482 (8th Cir. 1985)(en banc); U.S. v. Cox, 635 F.Supp. 1047, 1051 (D. Kan. 1986). *see also* U.S. v. Cisneros, 328 F.3d at 617 (citing Maull).  This would not appear to be an efficient use of judicial resources and presents the possibility of conflicting rulings that ultimately could be resolved only by appeal(s) to the Tenth Circuit.[6]

Because the charge in the present case and the violation charged in the pretrial release case are identical, the undersigned magistrate judge finds that the

---

[5]  It should be noted that the present case was initially assigned to Judge Belot, but he has requested that it be transferred to Kansas City for trial.  However, no order of assignment has yet been entered and no new district judge has been assigned to the case.

[6]  The Court acknowledges that a similar result may occur if the motion for reconsideration is granted and Defendant is released on conditions.  Under that scenario, the Government could seek to have the release order vacated under 18 U.S.C. § 3145(a), with the same *de novo* hearing procedure before the district judge assigned to this case.

Order of Detention in the present case has effectively been revoked by Judge Marten's ruling in Case No. 07-10143-03-JTM.  Therefore, Defendant's Motion to Reconsider Order of Detention (Doc. 14) is hereby GRANTED, and Defendant is to be released on the terms and conditions of release set by Judge Marten in Case No. 07-10143-03-JTM.  However, due to the unusual circumstances presented by this case, this Order allowing Defendant's release is hereby STAYED until Monday, September 20, 2009 at 5:00 p.m. in order to allow the Government to seek a review of this Order pursuant to 18 U.S.C. § 3145(a).  If no motion for revocation of this Order is filed by that time, Defendant is to be released pursuant to the conditions set by Judge Marten.[7]  Those conditions will be set forth in this case on a separate Order Setting Conditions of Release.

Pursuant to 18 U.S.C. § 3142(h), Defendant is advised that:

A.    if he commits a crime under federal, state or local law while on release in this case, he may face additional incarceration in a federal penitentiary for up to ten (10) years if the crime is a felony, and up to one (1) year if the crime is a misdemeanor;

---

[7]  By granting Defendant's Motion to Reconsider Detention Order, this Court is not finding that Defendant is neither a flight risk or a danger to the community, but is simply concluding that the Order of Detention has been revoked by Judge Marten's ruling in Case No. 07-10143-03-JTM.

B.    if he violates any of the conditions of release, the Government may seek an order setting aside this Order of Release and seek issuance of a warrant for Defendant's arrest and seek to have him held in custody pending trial in this case;

C.    if he fails to appear in court every time his appearance is required, the Government may seek issuance of a warrant for his arrest, seek to have him held in custody pending trial in this case, seek an order forfeiting the amount of the bond in this case and seek to recover the amount of the bond from any assets of Defendant which the Government may reach as a matter of law.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on September 15, 2009.

   s/   DONALD W. BOSTWICK   
DONALD W. BOSTWICK
United States Magistrate Judge

10