**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 09-10101-MLB |
| | ) | |
| CLINTON KNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to suppress evidence. (Doc. 38). The court conducted an evidentiary hearing on the motion on December 7. Defendant's motion to suppress is denied for the reasons herein.

**I. Facts**

On August 28, 2009, Wichita Police Detective Brad Elmore interviewed an individual named Marquez McGee. McGee was being interviewed because his home had been the subject of a drive by shooting earlier in the day. During the interview, McGee told Elmore that he received threatening phone messages on August 25 from defendant. Elmore listened to the messages that were saved by McGee. Elmore did not know the phone number that called McGee as it was blocked from the caller ID. Elmore did not do any further investigating to determine if the calls had come from a land line or cell phone.

Elmore then went to defendant's home at 1208 S. Doreen in Wichita and waited outside for defendant. When defendant arrived in his vehicle, Elmore exited his car and approached defendant's driver

side window.  Elmore had his gun drawn and it was at his side.  Elmore informed defendant through the car window that he was under arrest and told him to get out of the car.  Defendant exited his vehicle and, at the same time, dropped a cell phone on the seat.  Defendant left his driver's door open after he exited the vehicle.  Elmore placed defendant in handcuffs and arrested him for threatening a witness.

After the arrest, Elmore reached inside the car and removed the cell phone on the driver's side seat.  Elmore also continued to search the car and removed commercial CDs which Elmore thought was a violation of defendant's bond.  Elmore than searched the trunk and seized the alcohol that he found.  The government does not intend to introduce the CDs and the alcohol.

Defendant moves to suppress the cell phone on the basis that the search and seizure violated defendant's Fourth Amendment.  Defendant does not challenge his arrest.

**II. Analysis**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  In Arizona v. Gant, the Supreme Court held a search of a vehicle's passenger compartment incident to the arrest of a recent occupant is only lawful "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" <u>or</u> "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." --- U.S. ----, 129 S. Ct. 1710, 1719, 173 L. Ed.2d 485 (2009) (quotations omitted; emphasis supplied). "In many cases, as when a recent occupant is arrested for a traffic

-2-

violation, there will be no reasonable basis to believe the vehicle contains relevant evidence. But in others . . . the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." Id.

At the time of the search, defendant was in handcuffs and not in proximity to the vehicle. Defendant was therefore secured and unable to reach into the passenger compartment of the vehicle. The subsequent search and seizure of the phone were permissible only if it was reasonable to believe that evidence relevant to the crime of threatening a witness would be found in the vehicle.

Elmore knew that the threats were made over the telephone although he did not know whether those calls were made from a cell phone or a land line. Elmore also observed the cell phone in the car prior to his decision to search the car. Elmore testified that he had previously been informed by defendant's probation officer that defendant did not own a cell phone. Elmore was suspicious of the phone because of that fact. Elmore believed that the phone may have been used to make the threatening phone calls.

The court finds that it was reasonable for Elmore to believe that the cell phone could have been used to make the threatening calls to Marquez and therefore the seizure of the cell phone was permissible under the Fourth Amendment. See United States v. Hinson, 585 F.3d 1328 (10th Cir. 2009)(reasonable to search the defendant's vehicle after his arrest for drug trafficking because the defendant was observed making drug deliveries in his vehicle). Hinson was decided post-Gant. It is significant that the Circuit upheld the seizure under Gant even though the drug deal took place over one month prior

to the arrest, which was for a traffic offense, not because of the drug deal. Here, the arrest was three days after the call was received. It's a close question, nonetheless.

Defendant's motion to suppress is therefore denied. (Doc. 38).

IT IS SO ORDERED.

Dated this __8th__ day of December 2009, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE